PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BROOKS, | ) | |
| | ) | CASE NO. 4:17CV0699 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DR. FRANK GIACOBETTI, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro Se* Plaintiff Anthony Brooks filed this medical malpractice action against California Surgeon Frank Giacobetti. In the Complaint (ECF No. 1) and Declaration (ECF No. 1-1), Plaintiff alleges that prior to his incarceration, Dr. Giacobetti performed surgery to the wrong portion of his arm following a work-related injury. He seeks monetary relief in the amount of $500,000.00.

Plaintiff is currently incarcerated in the Elkton Federal Correctional Institution ("FCI Elkton") located in the Northern District of Ohio. Prior to his incarceration, he was employed by Target Corporation to work in their warehouse in Rialto, California. A stack of wooden pallets fell on his left arm, causing injury to it. Plaintiff states his supervisor arranged for him to be taken to a local medical center where the physician's assistant diagnosed him with a sprained wrist. When he returned to work a few days later, his supervisor was not satisfied with the status of his injury and arranged for him to be seen by Dr. Giacobetti. Plaintiff complained of numbness that started from the elbow and ran through his hand. He further complained that his

(4:17CV0699)

left wrist was in excruciating pain and he was unable to twist or turn it.  Dr. Giacobetti diagnosed Plaintiff with having an injury to his left elbow and performed surgery on it in December 2012.

Plaintiff alleges he continued to have pain in his wrist for years after his surgery.  He sought additional treatment, including during his incarceration, and has been told by other doctors that he suffered nerve damage to his wrist.  Plaintiff claims he requires additional surgery.  He alleges Dr. Giacobetti incorrectly diagnosed the source of his injury.  Plaintiff asserts claims of medical malpractice and negligence.

Although Plaintiff is currently incarcerated in a federal correctional facility within this judicial district, this Court is not the proper venue for this case to be heard.  Title 28 U.S.C., § 1391(b) provides:

> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Defendant is alleged to practice medicine in Manhattan Beach, California, which is located in the Central District of California.  ECF No. 1 at ¶ 1; ECF No. 1-1 at ¶ 2.  All of the actions or inactions that form the basis of Plaintiff's claims also took place within the geographical boundaries of the Central District of California.  The Central District of California is, therefore, the proper venue for this action.  An improperly venued action must be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been

(4:17CV0699)

brought.  28 U.S.C. § 1406(a).  This Court finds it would be in the interest of justice to transfer this matter.

Accordingly, this action is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

| | |
|---|---|
| April 21, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |